UNITED STATES, Appellee,

v.

Private First Class Tyron G. FUNK, 541–04–0518, United States Army, Appellant.

ACMR 8802735.

U.S. Army Court of Military Review.

20 Oct. 1989.

For Appellant: Major Marion E. Winter, JAGC, Captain Timothy P. Riley, JAGC, Captain Pamela J. Dominisse, JAGC (on brief).

For Appellee: Colonel A.F. Arquilla, JAGC, Major Kathryn F. Forrester, JAGC, Captain Martin D. Carpenter, JAGC, Captain Timothy J. Saviano, JAGC (on brief).

Before DeFORD, KANE, and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

In accordance with his pleas, the appellant was convicted by a military judge sitting as a special court-martial of larceny of cash of less than fifty dollars in violation of Article 121 of the Uniform Code of Military Justice 10 U.S.C. § 921 (1982). The adjudged sentence included a bad-conduct discharge, hard labor without confinement, restriction for sixty days and reduction to Private E1. The military judge recommended suspension of the discharge. The convening authority approved the sentence as adjudged but did not suspend the discharge.

■ The appellant contends that the staff judge advocate erred to his prejudice by failing to comply with Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter R.C.M.] 1106(f)(1) which provides:

Before forwarding the recommendation and the record of trial to the convening authority for action under R.C.M. 1107, the staff judge advocate or legal officer shall cause a copy of the recommendation to be served on counsel for the accused.

The evidentiary support for this allegation includes an affidavit from the trial defense counsel and the absence of a certificate of service attached to the recommendation itself. Appellate government counsel have responded to the defense contention by asserting first, that appellant's counsel "elected not to file" a response; and second, that appellant was not prejudiced even if there was a failure of service. In this regard, the government posits that since the defense counsel's post-trial submission to the convening authority called attention to the military judge's recommendation to suspend the discharge and since this had been accomplished by the staff judge advocate in his recommendation, appellant suffered no harm. We find the appellant's assignment of error meritorious.

The post-trial documents attached to the record and filed before this court establish that appellant's counsel was not served with the staff judge advocate's recommendation prior to its submission to the convening authority for action. Moreover, the government's argument that this was not prejudicial is completely specious in view of the language of the staff judge advocate's recommendation which says, "I specifically recommend that you not suspend the Bad–Conduct Discharge, notwithstanding the Military Judge's recommendation, because of the seriousness of the accused's barracks larceny offense."

■ The purpose of the service requirement of R.C.M. 1106(f) was to maximize fairness and expedience in the preparation of the staff judge advocate's post-trial review to the convening authority. *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). Moreover, as a matter of sound administration of the criminal justice system, the requirement will minimize "the exhaustion of appellate resources when such errors could easily and expeditiously be resolved prior to the convening and supervisory authorities' actions." *United States v. Hill*, 3 M.J. 295 (C.M.A.1977). Quoting from *United States v. Roop*, 37 C.M.R. 232 (C.M.A.1967), the Court opined:

[T]hat as a matter of fairness and eventual expedience, the uninformed accused should be given an opportunity in each and every instance to rebut matters seemingly adverse to him as they appear

in the staff judge advocate's review. The mere fact that upon appeal harm to the accused may be found nonexistent, in no sense lessens the obligation to see that he receives those benefits that are rightly his.

3 M.J. at 297.

The administrative policies set forth in the foregoing precedents provided the underpinnings for R.C.M. 1106 and remain as viable since promulgation of the rule as before.

The action of the convening authority, dated 4 January 1989, is set aside. The record of trial will be returned to The Judge Advocate General for a new action by the same or a different convening authority in accordance with Article 60(c)–(e), Uniform Code of Military Justice, 10 U.S.C. § 860(c–e).

Senior Judge DeFORD and Judge KANE concur.