**UNITED STATES, Appellee,**

v.

**Sergeant Michael J. CARMACK, 266–45–0024, United States Army, Appellant.**

**ACMR 9201861.**

U.S. Army Court of Military Review.

21 June 1993.

As Corrected July 1, 1993.

---

For Appellant: Major James M. Heaton, JAGC, Captain Silas R. DeRoma, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Kenneth T. Grant, JAGC, Captain Louis E. Peraertz, JAGC (on brief).

Before CREAN, WERNER and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

CREAN, Senior Judge:

The appellant was found guilty, pursuant to his pleas, by a military judge sitting as a general court-martial, of distribution of marijuana and lysergic acid diethylamide (LSD), possession of marijuana, possession of marijuana and LSD with intent to distribute, use of marijuana, and a violation of a general regulation, in violation of Articles 112a and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 892 (1988 and Supp. V 1987) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for twenty-one years, forfeiture of all pay, a fine of $1,000, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority approved a dishonorable discharge, confinement for thirteen years, a fine of $1,000, forfeiture of all pay, and reduction to Private E1.

The appellant personally asserts, *inter alia*, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), that his civilian defense counsel was ineffective because he submitted matters for consideration by the convening authority, Rule for Courts–Martial 1105 [hereinafter R.C.M.], without waiting for the appellant to submit letters he had gathered to give to the convening authority. We agree that the civilian trial defense counsel was ineffective in his post-trial representation of the appellant and a new staff judge advocate recommendation and action by a convening authority is required.

The appellant's civilian defense counsel, Mr. Edward J. Bellen, informed the military judge that he would be responsible for post-trial matters for the appellant. The appellant agreed with this arrangement. Upon the completion of trial on 21 August 1992, the appellant informed Mr. Bellen, that he wanted to obtain some letters to submit to the convening authority for clemency. Mr. Bellen advised the appellant that he would have approximately two months to gather the material. The appellant was transferred from Germany to the United States Disciplinary Barracks, Fort Leavenworth, Kansas (USDB) to serve the confinement portion of his sentence. On 1 December 1992, Mr. Bellen was served with the staff judge advocate's recommendation with a return date of 11 December 1992. Mr. Bellen submitted a letter to the convening authority on 7 December 1992, in which he briefly asked him to consider granting clemency because of "unfortunate family problems suffered by SGT Carmack found in the Record of Trial, his outstanding duty performance as attested to by the several character witnesses and the fact that he was not a drug dealer, but only a friend who was willing to help another friend." He requested the convening authority to commute the sentence below that agreed upon in the pretrial agreement. He also requested a delay of the convening authority's action because more material was expected from the appellant. On 15 December 1992, Mr. Bellen was informed that the convening authority would wait another week before taking action. The convening authority finally took action on 22 December 1992. Mr. Bellen received some letters requesting clemency from the appellant on 21 January 1993 and forwarded them to the convening authority's staff judge advocate. During the entire post-trial process, the appellant was incarcerated at the USDB.

A servicemember convicted by a court-martial must receive adequate and appropriate representation throughout the entire appellate process. *United States v. Frueh*, 35 M.J. 550, 552 (A.C.M.R.1992); *United States v. Harris*, 30 M.J. 580, 582 (A.C.M.R.1990) (citing *United States v. DeGrocco*, 23 M.J. 146, 148 n. 4 (C.M.A.1987)).

A defense counsel's responsibilities do not cease at the end of a trial, but continue until substitute trial defense counsel or appellate counsel have been designated and commence performance of their duties. The defense counsel's post-trial responsibility includes reviewing the case for legal error and to raise all legal issues and clemency matters on behalf of his client with the convening authority. *United States v. Palenius*, 2 M.J. 86 (C.M.A.1977). It is well-settled that the unique clemency powers of the convening authority are an important part of the military justice system. *See United States v. Stephenson*, 33 M.J. 79, 83 (C.M.A.1991). The convening authority may be the accused's best opportunity to obtain clemency. *United States v. Boatner*, 20 U.S.C.M.A. 376, 43 C.M.R. 216 (1971).

■ In determining if the appellant received adequate post-trial representation from Mr. Bellen, we will apply the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and made applicable to military courts-martial by *United States v. Scott*, 24 M.J. 186, 187 (C.M.A.1987). The appellant must show that his defense counsel was seriously deficient in some manner and that there is a reasonable probability that, but for this deficiency, the result of the proceedings would have been different. *United States v. Bono*, 26 M.J. 240 (C.M.A. 1988). However, the "but for" test may have been modified by the Supreme Court to a test that the error was so serious as to deprive the defendant of a fair trial, that is, a trial whose results are reliable. *Lockhart v. Fretwell*, —— U.S. ——, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). This Court has declined to follow the new test in *Fretwell* until such time as the United States Court of Military Appeals establishes its applicability to courts-martial. *United States v. Dumas*, 36 M.J. 941, 943 (A.C.M.R.1993). No matter whether we apply the pre-*Fretwell* "but for" test or the post-*Fretwell* "fundamental fairness" test, in this case, our result is the same.

■ We find that Mr. Bellen's post-trial representation of the appellant was inade-

quate. Mr. Bellen knew the appellant intended to obtain letters to support clemency for submission to the convening authority. Mr. Bellen even advised the appellant he had approximately two months to obtain the letters. Thereafter, Mr. Bellen took no action to determine whether the appellant's actions in obtaining letters proved fruitful. He merely submitted a brief, somewhat innocuous letter to the convening authority on the appellant's behalf without first determining the appellant's continued desires to submit letters to the convening authority. We do not believe it would have been unreasonable for Mr. Bellen to have attempted to contact the appellant because the appellant was incarcerated at the USDB. Under the circumstances, Mr. Bellen's omissions fell below acceptable professional norms.

■ We further find that the appellant was prejudiced by his failure to present the letters to the convening authority prior to the latter's action. The four letters that Mr. Bellen received from the appellant in January 1992 were a request for clemency from the appellant, a letter from the appellant's mother, a letter from his sister, and a letter from a radio announcer who was a friend of the appellant's family. Since the convening authority has complete discretion in determining if clemency will be granted, we cannot determine if certain items will convince the convening authority to grant clemency. It is dubious that the letters would have impacted on the convening authority's discretion as the appellant was convicted of multiple drug offenses and had a pretrial agreement reducing the sentence. However, we cannot say with reasonable certainty that clemency would not have been granted. *See United States v. Hill*, 27 M.J. 293 (C.M.A.1988). "But for" the absence of the letters, the convening authority may have granted clemency. Also, fundamental fairness requires that the appellant be given a reasonable opportunity to present his personal clemency petition and letters to the convening authority. *See United States v. Funk*, 29 M.J. 692 (A.C.M.R.1989). Since the appellant did not have a reasonable opportunity to

present matters to the convening authority because of the deficiency of his defense counsel, he was prejudiced.

■ We feel compelled to comment further on the responsibility of defense counsel to adequately represent their clients in post-trial matters. Former Chief Judge Everett of the United States Court of Military Appeals has observed that the right to counsel under the UCMJ is broader than that provided by the Sixth Amendment perhaps because, "Congress may have concluded that servicemembers, who risk their lives for their country, should be granted a right to counsel greater than that which would be minimally required by the Constitution." *United States v. Johnson,* 21 M.J. 211, 213 (C.M.A.1986). To meet this obligation in the post-trial phase, trial defense counsel, including civilian defense counsel,[1] must do more than write half-hearted post-trial submissions just to meet an obligation of the Rules for Courts–Martial. We expect all defense counsel to perform the post-trial representation function in a professional manner. We suggest that civilian defense counsel do not continue to try the patience of this Court with slip-shod and unprofessional representation of the client's post-trial interests.[2]

As we have said before, however, it is the staff judge advocate and the convening authority that are ultimately responsible for "cleaning up the battlefield". There is nothing else the convening authority or staff judge advocate could have done in this case to ensure adequate representation of the appellant. They are stuck and "left holding the bag".

The appellant also contends that his court-martial lacked jurisdiction because

the military judge was designated in violation of the Appointments Clause of the United States Constitution and *Freytag v. Commissioner of Internal Revenue,* — U.S. ——, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991). This issue lacks merit. *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992) *cert. granted,* — U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993). Additionally, we have carefully considered the other issues personally raised by the appellant pursuant to *Grostefon* and find them without merit.

The action of the convening authority, dated 22 December 1992, is set aside. The record of trial will be returned to The Judge Advocate General for return to the same or a different convening authority for a new recommendation and action.

Judge WERNER and Judge GONZALES concur.

---

1. Civilian defense counsel have a continuing duty, unless released by the client, to represent their client for R.C.M. 1105 matters. The staff judge advocate recommendation and the action by the convening authority are such integral parts of the military justice trial system that representation of the client through these procedures is critical. *See Palenius;* Army Regulation 27–26, Legal Services: Rules of Professional Conduct for Lawyers, Rule 1.3, Comment, and Rule 1.16 (1 May 1992). The Court of Appeals for the Third Circuit recently held that

in the federal system counsel could be required to stay on a case as standby counsel when the client has discharged the attorney and decided to proceed *pro se. United States v. Bertoli,* 994 F.2d 1002 (3rd Cir.1993).

2. This is not the first time that Mr. Bellen was found to have provided his client with inadequate sentencing or post-trial representation. *United States v. Stephenson,* 33 M.J. 79, 82 (C.M.A.1991); *United States v. Holt,* 33 M.J. 400, 411 (C.M.A.1991).