144

**UNITED STATES, Appellee,**

v.

**Ronald H. YANKE, Hospitalman U.S. Navy, Appellant.**

No. 51,523.
NMCM 84–2434.

U.S. Court of Military Appeals.

Jan. 5, 1987.

For Appellant: *Captain David C. Larson, JAGC, USN,* and *Lieutenant Louis F. Sadler, JAGC, USNR* (on petition).

For Appellee: *Captain W.J. Hughes, JAGC, USN,* and *Lieutenant Darlene M. Connelly, JAGC, USN* (on petition).

*Opinion of the Court*

COX, Judge:

Charged with the premeditated murder of his infant son, appellant pleaded guilty to the lesser-included offense of involuntary manslaughter. Although the Government proceeded on the greater offense as charged, the members convicted appellant of unpremeditated murder, in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918. The approved sentence extends to confinement for life, total forfeitures, reduction to E–1, and a dishonorable discharge. We granted review to consider two issues, the first of which is as follows:

I

WHETHER THE MILITARY JUDGE ERRED TO THE PREJUDICE OF THE APPELLANT'S SUBSTANTIAL RIGHTS WHEN HE ADMITTED INTO EVIDENCE, OVER DEFENSE OBJECTION, PROSECUTION EXHIBIT 8, A POST MORTEM PHOTOGRAPH OF THE VICTIM.

Appellant was convicted of murdering his 8–month-old son by pressing the child's face into a pillow until he had suffocated. In aggravation, the Government offered a

number of exhibits, including a black and white photograph taken of the victim after death. Defense counsel objected, contending that the potential for prejudice flowing from the exhibit outweighed its probative value. Trial counsel responded that the picture would be used to assist a physician witness who would testify that the victim was of normal development for an 8–month-old child and would have struggled against the acts of appellant. The objection was overruled. After viewing the picture, the doctor indeed testified that the baby appeared to be a well-developed, normal infant and that such an infant would struggle to remove an obstruction and clear his airway.

■ The military judge has wide discretion to determine whether "probative value" of evidence "is substantially outweighed by the danger of unfair prejudice." Mil.R.Evid. 403, Manual for Courts-Martial, United States, 1969 (Revised edition). *See United States v. Mukes*, 18 M.J. 358 (C.M.A. 1984). In this case the circumstances surrounding the death, including the infant's struggle against appellant, were a proper subject of aggravation. *See United States v. Vickers*, 13 M.J. 403 (C.M.A. 1982).

■ In open court the military judge specifically considered the balancing test required by Mil.R.Evid. 403 and found that the probative value of the picture warranted admission for the limited purpose sought by the Government. We, too, are satisfied that the challenged evidence was relevant on sentencing and not unfairly prejudicial. *See United States v. White*, 23 M.J. 84 (C.M.A. 1986). Consequently, we do not find that appellant has met his burden of demonstrating an abuse of discretion.

The second issue before us is the following:

II

WHETHER THE MILITARY JUDGE ERRED WHEN, DURING HIS INSTRUCTIONS PRIOR TO SENTENCING DELIBERATIONS, HE FAILED TO INSTRUCT THE MEMBERS ON HOW TO CONSIDER THE PSYCHIATRIC TESTIMONY THAT WAS GIVEN ON THE MERITS.

During its case on the merits, the defense introduced psychiatric testimony that appellant suffered from a personality disorder and was thereby subject to periods of intense anger, often being unable to deal with his anger, and subject to impulsive behavior. Appellant complains on appeal that the military judge should have specifically instructed the members on how to consider the psychiatric testimony for sentencing purposes. At trial, however, the defense did not request an instruction of this nature and did not object to the instructions as given. During his charge, the military judge informed the members that they were to "consider all the facts and circumstances of the case, including all the matters in extenuation and mitigation, as well as those offered in aggravation, whether these matters were introduced before or after the findings in this case."

■ Since no objection was voiced at trial to the instructions as given, appellate review has been waived absent plain error. *United States v. Fisher*, 21 M.J. 327 (C.M.A. 1986). We do not find that omission of specific reference to the psychiatric evidence rose to the level of a miscarriage of justice or that it affected the integrity and fairness of the judicial process.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

Judge SULLIVAN did not participate.