**UNITED STATES, Appellee,**

v.

**Mitchell G. BONO, Private First Class, U.S. Marine Corps, Appellant.**

No. 56,323.
NMCM 85–1228.

U.S. Court of Military Appeals.

July 18, 1988.

For appellant: *Lieutenant Commander J.J. Quigley, JAGC, USN* and *Lieutenant Mary E. Bolton, JAGC, USNR* (on brief).

For appellee: *Captain Wendell A. Kjos, JAGC, USN* and *Lieutenant Commander Lawrence W. Muschamp, JAGC, USN* (on brief); *Lieutenant Georjan D. Overman, JAGC, USNR.*

PER CURIAM:

Appellant was tried by a military judge sitting alone as a general court-martial at

the Naval Air Station Memphis, located at Millington, Tennessee. Consistent with his pleas, he was convicted of one specification each of unauthorized absence (23 days) and larceny of an automobile from a fellow Marine, in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 921, respectively. The judge sentenced him to be confined for 4 years and 2 months, to forfeit all pay and allowances, to be reduced to the lowest enlisted grade, and to be discharged from the Naval Service with dishonorable discharge.

Following the recommendation of his staff judge advocate, even though there was no pretrial agreement, the convening authority reduced the term of confinement to 2 years and approved the other parts of the sentence. The Court of Military Review affirmed the findings and the approved sentence.

We granted appellant's petition for review to consider the following specified issue:

WHETHER THE REPRESENTATION APPELLANT RECEIVED FROM HIS TRIAL DEFENSE COUNSEL DURING THE SENTENCING PORTION OF HIS TRIAL WAS SO INADEQUATE AS TO AMOUNT TO INEFFECTIVE ASSISTANCE OF COUNSEL.

We hold that trial defense counsel did fall below the standards expected of military attorneys, but that the action of the convening authority has obviated any prejudice.

During the presentencing proceedings the Government offered a statement given by appellant to the Naval Investigative Service following his apprehension. The confession details appellant's activities from the date his unauthorized absence commenced, when he stole the car, until his apprehension. It was prefaced by appellant's acknowledgment that it was made against the advice of his attorney. The statement describes a crime spree to fi-

nance appellant's travels with his girl friend and includes an admission that he committed an armed robbery, during which he shot at the victim. Defense counsel posed no objection to this document.

In her case on sentencing, defense counsel presented evidence of appellant's conduct while in pretrial confinement and a report of his mental status prepared by a military psychiatrist. The brig report, while indicating that appellant had satisfactorily adjusted to confinement, contains considerable evidence of misconduct and recalcitrance when he was initially confined. The psychiatrist's evaluation reported that appellant did "not have an emotional or mental illness that should be taken into consideration for extenuation and mitigation when considered for punishment for his alleged crimes." It further informed the reader that appellant had "a very severe character disorder" warranting separation, *viz:* a Sociopathic Personality Disorder.[1] Finally, the report stated that the psychiatrist had received information from appellant's parents that he had a history of petty crime and commitment to psychiatric institutions as a juvenile.

Appellant made an unsworn statement in his own behalf. In it he related that he had confessed to the uncharged crimes because he was ashamed of the offenses and wanted to "clear up" the matter. He also stated he had learned from his experience in pretrial confinement and was making an effort to become a good prisoner.

Prior to announcing sentence, the military judge informed the parties to the trial that he had considered a number of factors, including appellant's pleas of guilty and the documentary evidence. In a petition for clemency, defense counsel asserted that the military judge had informed her after trial that he had more than doubled the sentence based on the confession and would have adjudged not more than 2 years' confinement without it.

---

1. The *Diagnostic and Statistical Manual of Mental Disorders* 317–18 (3d ed.) (DSM III) of the American Psychiatric Association refers to the Sociopathic Personality Disorder as an Antiso- cial Personality Disorder which is manifested by "a history of continuous and chronic antisocial behavior in which the rights of others are violated ...."

When the staff judge advocate examined the case, he advised the convening authority that he believed appellant's confession should not have been admitted. He opined that it contained so much misconduct unrelated to the offenses for which appellant was tried as to warrant exclusion even in the absence of objection. He advised the convening authority that corrective action as to sentence was required and recommended that the period of confinement be reduced to 2 years. As noted above, the convening authority followed this recommendation and approved only 2 years' confinement.

At the Court of Military Review, defense counsel submitted an affidavit which detailed her approach to the case. After discussions with appellant, her theory was to portray him as a troubled individual who sought to make a clean breast of his past, accept his punishment, and work towards rehabilitation. She related that appellant had wanted the psychiatric evaluation utilized, and she believed that it would be useful to show the sincerity of his efforts to improve his behavior notwithstanding the impediment of the personality disorder which made such efforts doubly difficult. Counsel also stated that the evaluation was essentially "boiler plate" and that the judge would have been familiar with it.

■ To show that his trial defense counsel was ineffective, an accused must demonstrate that his counsel was seriously deficient in some manner and that there is a reasonable probability that, but for this deficiency, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Scott,* 24 M.J. 186 (C.M.A.1987). In weighing such matters, we must give deference to counsel's tactical judgment and not substitute our view with the benefit of hindsight. *Strickland v. Washington, supra* 466 U.S. at 689, 104 S.Ct. at 2065; *United States v. DeCoster,* 624 F.2d 196, 208 (D.C.

Cir.) (*en banc*), (plurality opinion), *cert. denied,* 444 U.S. 944, 100 S.Ct. 302, 62 L.Ed.2d 311 (1979). However, we find that counsel's failure to object to the uncharged misconduct contained within the confession and the decision to offer a psychological evaluation which tended to show that appellant was not amenable to rehabilitation combined to deprive appellant of counsel as that term is used in the Sixth Amendment.

■ While admissibility of uncharged misconduct in sentencing has been much debated, it is clear that there comes some point at which the misconduct is so unrelated to the offense charged as to be irrelevant. Mil.R.Evid. 403, Manual for Courts–Martial, United States, 1984; *cf. United States v. Kinman,* 25 M.J. 99 (C.M. A.1987). In this instance the crimes recited in the confession had no bearing on the offenses of which appellant was convicted. *See United States v. Yanke,* 23 M.J. 144 (C.M.A.1987); R.C.M. 1004(b)(4) Manual, *supra.* They were, in fact, considerably more heinous than those offenses before the court.

Standing alone, counsel's failure to object to this evidence might not lead to the conclusion that she was ineffective. However, by providing the military judge with other evidence that appellant was not amenable to rehabilitation, that prior punishment was psychological counseling had failed, and that appellant's mental status did not mitigate his conduct, she compounded this error. The result is a matter of record; the military judge doubled the punishment he might have otherwise imposed. Thus, the second prong of *Strickland* is satisfied.

■ Fortunately, the staff judge advocate was alert to his responsibilities. He advised the convening authority that error had occurred and concluded that it amounted to plain error requiring corrective action.[2] By taking the action at that level, he rendered the deficient representation harmless and prevented appellant from suffer-

2. We do not mean to imply that a finding of plain error will automatically equate to ineffec- tive assistance of counsel.

ing substantial prejudice.[3] We find no further relief warranted. *See* Art. 59(a), UCMJ, 10 U.S.C. § 859(a).

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

**3.** We long ago noted that this level of review is the accused's best hope for sentence relief. *United States v. Wilson*, 9 U.S.C.M.A. 223, 226, 26 C.M.R. 3, 6 (1958). The action taken here reinforces our belief that review by the convening authority is a valuable part of the military justice system. We commend both the convening authority and his staff judge advocate for their recognition of the error and the remedial action taken in reducing appellant's sentence.