UNITED STATES, Appellee,

v.

Frank R. STEPHENSON, Sergeant, U.S. Army, Appellant.

No. 64,885.
CM 8801449.

U.S. Court of Military Appeals.

Argued Feb. 13, 1991.

Decided Sept. 4, 1991.

For Appellant: *Captain Pamela J. Dominisse* (argued); *Captain Timothy P. Riley* (on brief); *Colonel Robert B. Kirby* and *Lieutenant Colonel Russell S. Estey.*

For Appellee: *Captain Timothy J. Saviano* (argued); *Colonel Alfred F. Arguilla, Lieutenant Colonel Daniel J. Dell'Orto, Captain Denise J. Arn* (on brief); *Major Martin D. Carpenter.*

*Opinion of the Court*

SULLIVAN, Chief Judge:

In June of 1988, appellant was tried at Wuerzburg, Federal Republic of Germany, before a general court-martial with officer members. Contrary to his pleas, he was found guilty of unpremeditated murder, in violation of Article 118, Uniform Code of Military Justice, 10 USC § 918. He was sentenced to a dishonorable discharge, confinement for 50 years, total forfeitures, and reduction to Private E1. On October 17, 1988, the convening authority approved the sentence. On February 27, 1990, the Court of Military Review affirmed the findings and the sentence. 30 MJ 551.

On September 28, 1990, this Court granted review in this case of the following issues:

## I

WHETHER APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS TO SENTENCING BECAUSE OF CIVILIAN DEFENSE COUNSEL'S FAILURE TO PRESENT ANY WITNESSES OR DOCUMENTS IN MITIGATION.

## II

WHETHER CIVILIAN DEFENSE COUNSEL FAILED TO PROVIDE EFFECTIVE ASSISTANCE OF COUNSEL DURING POST–TRIAL REPRESENTATION OF APPELLANT BECAUSE DEFENSE COUNSEL FAILED TO SUBMIT ANY CLEMENCY MATTERS TO THE CONVENING AUTHORITY.

In addition, on October 23, 1990, appellant submitted a handwritten petition for new trial to the Office of The Judge Advocate General of the Army. The Judge Advocate General transmitted the petition to this Court for action pursuant to Article 73, UCMJ, 10 USC § 873. In this petition appellant contends that trial counsel perpetrated a fraud on his court-martial.

We initially hold that appellant's petition for new trial is clearly without merit. Concerning the first granted issue, we conclude that existence of harmful rebuttal evidence was a reasonable basis for not presenting certain favorable sentencing evidence. *See generally Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Bono*, 26 MJ 240 (CMA 1988). However, concerning the second granted issue, we hold that trial defense counsel's advice to appellant to forgo his clemency petition to the convening authority was erroneous and, in the context of this case, constituted prejudicial error. *Id.*

In his handwritten petition for new trial, appellant asserts that trial counsel, Captain Cremin, attempted to perpetrate a fraud on the court. He explains:

"The Government witness" admitted in court that the government prosecutor fraudulently assembled statements and diagrams. Witness flat out told the prosecutor lied, and was not concerned about getting to the truth. *Note:* (ROT) Pages 192, 196. The prosecutor's actions in this court-martial was intended, and deception resulting in injury toward me. This cunning trick by the Army prosecutors reflects in this court-martial injury towards the military justice system. *Note:* Newly discovered evidence, or fraud on the court-martial which is relied upon for the remedy sought. (CID's Report Interim) 15 June 1988. 0120–88–CID 557–37133–5H1B/9G2. *Note:* Dennis: *1.1 vs. (ROT) Babbitt.* Following needs to have notice from Judge Advocate General. 2b of AETSBJACLD (27–10e) signed by LTC. Lee D. Schinasi (JA) Staff Judge Advocate. *Note:* HQ AETSB Form 16–19.

In a post-trial affidavit of April 20, 1989, appellant also complains about his civilian defense counsel's failure to call several witnesses who were willing to testify during the sentencing phase of this court-martial to his good character and achievements. These witnesses included SGT Reginald Atwater, Specialist Michael A. Haggarty, and CPT Francine Patrick. Appellant's claim includes an affidavit from CPT Patrick declaring that she would have testified as a character witness on his behalf but for the fact that defense counsel did not call her.

In his post-trial affidavit, his civilian defense counsel, Mr. Edward Bellen, explained his decision to refrain from calling character witness:

The undersigned was concerned of giving the prosecutor the opportunity to alert the court as to the vast amount of derogatory information available. Experience has taught him that there are multiple theories of admissibility and the matter is risky. One of the witnesses listed in the prosecutor's 8 June notification was SFC Daniel T. Fellhoelter, who served

with the accused in a prior unit. If called, he would testify that the accused had a reputation as a bully, was always in fights and was known for carrying a knife. In fact, SFC Fellhoelter took a switch blade knife away from the accused while on courtesy patrol one night. Since Sgt. Atwater and Mr. Haggerty observed the accused that night there was the possibility that they could be cross-examined on whether the accused appeared to be on drugs. The prosecutor was in possession of a toxicology report based on a urine sample taken immediately after the incident, indicating the accused came up positive for THC and morphine (heroin). The undersigned has attached Exhibit # A to his affidavit indicating the possible subjects to be explored with character witnesses: "Have you heard ... the accused received an Article 15 for rape in 1984, possession of drugs in 1980, was arrested for aggravated assault and battery in 1968, and arrested for possession of a firearm without a license in 1973." Again, there was a lot more derogatory evidence available, including but not limited to threatening a prospective witness against him. It seemed every time the undersigned turned around he discovered more derogatory information against the accused.

In his post-trial affidavit, appellant further suggests that Mr. Bellen did not present favorable documentary evidence during the sentencing phase of his court-martial. Mr. Bellen also addressed this problem in his affidavit of June 30, 1989, as follows:

> Sgt. Stephenson complains that the undersigned failed to present favorable documents. The accused's military records were introduced into evidence by the prosecution indicating his awards and decorations. The undersigned presented only an unsworn statement with the consent of the accused. The latter concurred that live character witnesses could be cross-examined on the vast amount of derogatory matters available to the prosecution. Similarly, the accused concurred that his athletic achieve-

ments would constitute possible aggravation, permitting the prosecutor to argue that it is further proof he did not have to resort to a knife to defend himself.

Finally, regarding his claim that he was denied his right to counsel because his attorney did not submit a clemency petition to the convening authority, appellant stated the following in his post-trial affidavit of April 20, 1989:

> Near the end of my court-martial, the military judge advised me that I could present a Clemency Petition to the Convening Authority. In light of the seriousness of the charge and the harshness of the sentence (Fifty years confinement) I definitely wanted to submit everything that I could to the Convening Authority in an attempt to reduce my sentence and show that I am a good person. I made numerous requests to have something submitted on my behalf and asked Mr. Bellen what I could do. Despite Mr. Bellen's numerous assurances, a petition for clemency was never prepared or submitted on my behalf. I was shocked to find out from my appellate defense attorney that Mr. Bellen had, in fact, waived my right to submit matters to the Convening Authority.

However, Mr. Bellen stated the following in his affidavit that appellant elected not to present such a petition:

> With respect to exercising his right to present matters to the convening authority, the accused asked for the undersigned's advice. *The latter opined it was useless.* The accused elected not to present matters. It is not true he asked the undersigned to present anything. Had he made such a request, the undersigned would have complied.

(Emphasis added.)

### Petition for New Trial—"Fraud"

The first question which we will address in this case is the fraud-on-the-court claim raised in appellant's petition for new trial. Art. 73. Appellant claims that the prosecutor in this case "fraudulently as-

sembled statements and diagrams" resulting in some undelineated prejudice to him. We disagree.

The purported fraud in this case centers on a defense exhibit consisting of a diagram of the crime scene with markings for the placement of persons involved. This exhibit was prepared by police investigators on the basis of a government witness' pretrial statement to police. This witness, Ms. Babbitt, testified at trial that she did not compose this diagram and that it varied somewhat from her testimony at trial and placement of persons in a prosecution exhibit. The witness also testified on defense cross-examination that, if the prosecutor stated that she made this diagram, he was "a liar."

We initially note that the purportedly fraudulent diagram was introduced as evidence in this case by the defense. Second, it was also earlier used by the defense in cross-examining the prosecution witness Babbitt but only to discredit her trial testimony in terms of apparent discrepancies. Third, the prosecution witness fully developed on the record the circumstances surrounding the preparation of this diagram by a police investigator. Fourth, trial counsel objected to its admission by the defense on the basis of Babbitt's disavowal of it. Finally, regardless of the accuracy of this defense exhibit, the witness Babbitt adopted a prosecution exhibit as representing the diagram of the crime scene as reflected in her trial testimony. An assertion of fraud in this context is highly specious. *See generally United States v. Whitley*, 18 USCMA 20, 39 CMR 20 (1968).

The petition for new trial is denied.

### Granted Issue I—Sentencing

■ The next issue in this case is whether appellant was denied effective assistance of counsel during the sentencing portion of his court-martial. *See generally United States v. Palenius*, 2 MJ 86 (CMA 1977). In *United States v. Bono*, 26 MJ at 242, we articulated our general approach to such claims in the context of purportedly defi-

cient representation at a sentence proceeding. We said:

> To show that this trial defense counsel was ineffective, an accused must demonstrate that this counsel was seriously deficient in some manner and that there is a reasonable probability that, but for this deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Scott*, 24 MJ 186 (CMA 1987). In weighing such matters, we must give deference to counsel's tactical judgment and not substitute our view with the benefit of hindsight. *Strickland v. Washington, supra* at 689, 104 S.Ct. at 2065; *United States v. DeCoster*, 624 F.2d 196, 208 (D.C.Cir.) (en banc) (plurality opinion), *cert. denied*, 444 U.S. 944, 100 S.Ct. 302, 62 L.Ed.2d 311 (1979).

Appellant's claim that his counsel acted unreasonably in not calling favorable sentencing witnesses or producing other favorable sentencing documents does not satisfy the above test. Defense counsel in his post-trial affidavit explained his sentencing strategy in terms of containment of damage. The prosecution had already introduced the awards from appellant's service record. By not calling any defense witnesses, he precluded the Government from cross-examining them about appellant's physical prowess, his reputation as a bully, and other derogatory information. Such a strategy, although it ultimately failed, was tactically sound and not unreasonable. *United States v. Bono, supra.*

### Granted Issue II—Clemency

■ The final question in this case concerns trial defense counsel's competence in his post-trial representation of appellant. *See generally United States v. Palenius, supra.* In particular, appellant challenges defense counsel's failure to present a petition for clemency and other favorable sentencing matters to the convening authority. Art. 60(b)(1), UCMJ, 10 USC § 860(b)(1) (1986); RCM 1105, Manual for Courts-Martial, United States, 1984. In this regard,

we find error was committed which requires remand to the convening authority for a new recommendation and action with the concomitant opportunity for appellant to respond. *See* RCM 1105 and 1106.

As a starting point, we note that review of a court-martial at the convening authority level provides "the accused's best hope for sentence relief." *United States v. Bono*, 26 MJ at 243 n. 3. When the accused receives a 50–year sentence, the importance of this right is obviously magnified. *See* RCM 1107(d). In addition, this opportunity to be heard was especially critical to appellant because of his failed trial strategy of limiting his sentencing case to avoid unfavorable rebuttal evidence. At this point in the proceedings against him, appellant had nothing to lose by presentation of his favorable sentencing evidence.

*United States v. DeGrocco*, 23 MJ 146 (CMA 1987); *see United States v. Dorsey*, 30 MJ 1156, 1161 (ACMR 1990). Even accepting civilian defense counsel's version of the post-trial events, such deficient advice could not possibly produce a *knowing and intelligent* waiver of appellant's right to submit clemency matters. *See* RCM 1105(d).

The decision of the United States Army Court of Military Review and the action of the convening authority are set aside. The record of trial is returned to the Judge Advocate General of the Army for return to the convening authority for a new recommendation and action.

Judge COX and Senior Judge EVERETT concur.