UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and SULLIVAN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant NETRAYLES A. TYSON
 United States Army, Appellant

 ARMY 20060576

 1st Infantry Division
 Michael J. Nelson, Military Judge
 Lieutenant Colonel Michael E. Mulligan, Staff Judge Advocate

For Appellant: Lieutenant Colonel Steven C. Henricks, JA; Major Fansu Ku,
JA; Captain Edward Bahdi, JA (on brief).

For Appellee: Colonel John W. Miller II, JA; Major Elizabeth G. Marotta,
JA; Captain Larry W. Downend, JA; Captain Lynn I. Williams, JA (on brief).

 30 May 2008

 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------

Per curiam:

 A military judge sitting as a general court-martial convicted
appellant, in accordance with his pleas, of reckless driving and
involuntary manslaughter, in violation of Articles 111 and 119, Uniform
Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 911 and 919. The
military judge sentenced appellant to confinement for eighteen months,
forfeiture of all pay and allowances, and reduction to Specialist E4. The
convening authority approved only so much of the adjudged sentence as
provided for reduction to Specialist E4 and confinement for eighteen months
and suspended the execution of confinement in excess of six months for
twelve months. Unless sooner vacated, the suspended part of the sentence
was to be remitted without further action.

 This case is before this Court for review pursuant to Article 66,
UCMJ. Appellant asserts a new Staff Judge Advocate Recommendation (SJAR)
and action are warranted due to multiple errors including: (1) service of
the SJAR after the initial action; (2) clemency matters not being presented
to the convening authority: and (3) the SJAR being prepared before
authentication of the record of trial. While not citing any errors in the
SJAR, appellant asserts prejudice in service of the SJAR more than one
month after the date of the initial action, which may have prevented trial
defense counsel from submitting supplemental clemency matters to the
convening authority. Appellant also maintains sixteen documents listed as
enclosures to the Rule for Courts-Martial [hereinafter R.C.M.] 1105
submission were not included in either appellant’s copy of the post-trial
matters or this Court’s original copy of the post-trial matters and,
therefore, may not have been reviewed by the convening authority. The
government concedes post-trial processing administrative errors occurred,
but asserts appellant is not entitled to relief because appellant has not
demonstrated a colorable claim of prejudice.

 Based upon our review, we are unable to determine whether all matters
listed as enclosures to the R.C.M. 1105 submission were provided to the
convening authority prior to initial action or whether trial defense
counsel would have offered any objections or additional matters had the
SJAR been served in a timely manner.
It has long been asserted the convening authority provides the accused’s
“best chance” for clemency. United States v. Wheelus, 49 M.J. 283, 287
(C.A.A.F. 1998); United States v. Stephenson, 33 M.J. 79, 83 (C.M.A. 1991).
 Under the facts of this case, we will exercise our considerable discretion
to set aside the convening authority’s action and require a new post-trial
recommendation and action. This will ensure accurate advice to the
convening authority, afford appellant a complete opportunity to personally
submit matters in response to the new recommendation, and permit appellant
to submit other matters as he determines appropriate.

 The action of the convening authority, dated 12 July 2006, is set
aside. The record of trial is returned to The Judge Advocate General for a
new R.C.M. 1106 post-trial recommendation and new initial action by the
same or a different convening authority in accordance with Article
60(c)–(d), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court