**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Technical Sergeant TRAVIS B. YATES**
**United States Air Force**

**ACM 38889**

**6 April 2016**

Sentence adjudged 5 May 2015 by GCM convened at Joint Base San Antonio–Randolph, Texas. Military Judge: Wendy L. Sherman (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 37 years, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for Appellant: Captain Annie W. Morgan.

Appellate Counsel for the United States: Major Clayton H. O'Connor and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

In May 2015, a general court-martial composed of a military judge sitting alone convicted Appellant, pursuant to his pleas, of one specification of abusive sexual contact with a child, five specifications of sexual assault, six specifications of abusive sexual contact, one specification of sexual abuse of a child, and two specifications of indecent acts with a child, in violation of Articles 120, 120b, and 134, UCMJ, 10 U.S.C. §§ 920,

920b, 934.[1]   The court-martial sentenced Appellant to a dishonorable discharge, confinement for 37 years, forfeiture of all pay and allowances, reduction to E-1, and a reprimand.  The convening authority deferred the adjudged and automatic forfeitures and the reduction in rank from 14 days after sentence was announced until action.  At action, the convening authority waived the automatic forfeitures for six months and approved the adjudged sentence.

Appellant now alleges three errors:  (1) he is entitled to new post-trial processing because of errors in the personal data sheet (PDS) attached to the staff judge advocate recommendation (SJAR); (2) the delay in docketing this case with our court deserves relief; and (3) his approved sentence is inappropriately severe.[2]  We also address an error in the SJAR that resulted in the convening authority failing to abide by the terms of the pretrial agreement (PTA).  We determine relief is required and set aside the adjudged forfeitures.  We affirm the findings and the remainder of the sentence.

*Errors in Staff Judge Advocate Recommendation*

Because of the recurring problem of errors in post-trial processing, we have elected to use a block quote.

> Proper completion of post-trial processing is a question of law, which we review de novo.  *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000).  Failure to timely comment on matters in the SJAR, to include matters attached to it, forfeits the issue unless there is plain error.  R.C.M. 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005).  Under a plain error analysis, the appellant bears the burden of showing:  "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right of the appellant."  *Kho*, 54 M.J. at 65.  Although the threshold for establishing prejudice in this context is low, the appellant must nonetheless make at least "some colorable showing of possible prejudice."  *Scalo*, 60 M.J. at 437 (quoting *Kho*, 54 M.J. at 65) (internal quotation marks omitted).
>
> When reviewing post-trial errors, we recognize the convening authority is an appellant's "best hope for sentence relief."  *United States v. Lee*, 50 M.J. 296, 297 (C.A.A.F.

---

[1] Because of the time span of Appellant's offenses, the charges included violations of a prior version of Article 134, UCMJ, for offenses committed prior to 1 October 2007; violations of a prior version of Article 120, UCMJ, for offenses committed between 1 October 2007 and 27 June 2012; and violations of the current Article 120, UCMJ, and Article 120b, UCMJ, for offenses committed on or after 28 June 2012.

[2] This last issue was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

1999) (quoting *United States v. Bono*, 26 M.J. 240, 243 n.3 (C.M.A. 1988)) (internal quotation marks omitted). The convening authority, not the courts of criminal appeals, is empowered to grant clemency for equitable reasons. *United States v. Nerad*, 69 M.J. 138, 145 (C.A.A.F. 2010). "Because of the highly discretionary nature of the convening authority's action on the sentence, we will grant relief if an appellant presents 'some colorable showing of possible prejudice.'" *Kho*, 54 M.J. at 65 (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)); *see also Scalo*, 60 M.J. at 436–37.

*United States v. Bischoff*, 74 M.J. 664, 668–69 (A.F. Ct. Crim. App. 2015) (footnote omitted).

The PTA required the convening authority to limit confinement to no more than forty-five years and to waive automatic and adjudged forfeitures for six months for the benefit of Appellant's children. Two days after his court-martial, Appellant submitted a request for deferment of the adjudged reduction in rank and automatic forfeitures and, at action, the waiver for six months of automatic forfeitures for the benefit of his dependents. The convening authority approved deferments of the adjudged and automatic reduction in rank and forfeitures of pay from 14 days after sentence was announced until action. The convening authority also stated that at action the automatic forfeitures would be waived for the benefit of Appellant's spouse and children for six months. On 29 July 2015, the staff judge advocate (SJA) erroneously advised the convening authority that no further action was required regarding the PTA. The convening authority approved the adjudged sentence, referenced the earlier deferments, and waived only the automatic forfeitures for six months.

A PTA is a constitutional contract between an accused and the convening authority in which an accused waives certain constitutional rights in exchange for a reduced sentence or some other benefit. *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006). The Government is required to keep its promises. *Id.* If the Government does not comply, then we determine if the error can be remedied by specific performance or in the form of alternative relief agreeable to Appellant; otherwise, the plea must be withdrawn and the findings and sentence set aside. *See id.* at 305 (Effron, J., concurring).

The SJA's advice that no further action was required to comply with the PTA was plain and obvious error which resulted in noncompliance. Appellant bargained for a six-month waiver of both adjudged and automatic forfeitures for his dependents. Even in the absence of explicit PTA provisions, we have found an SJA's advice to a convening authority not to take any ameliorative action on adjudged forfeitures while seemingly waiving automatic forfeitures was plain error that materially prejudiced a substantial right

of the appellant. *United States v. Escobar*, 73 M.J. 871, 877–78 (A.F. Ct. Crim. App. 2014). Here, the PTA explicitly stated that the convening authority would waive both automatic and adjudged forfeitures for six months. The failure to properly advise the convening authority of the steps necessary to comply with the PTA and the resulting failure to comply with the PTA was plain and obvious error.[3]

Appellant also argues he is entitled to new post-trial processing due to an error with the PDS attached to the SJAR. During the court-martial, trial counsel admitted a PDS without objection. This PDS showed Appellant had four periods of overseas service between 2001 and 2013 in Qatar, Kyrgyzstan, and twice in Turkey. Inexplicably, the PDS attached to the SJAR only includes one of the Turkey assignments. However, Appellant did not object to the erroneous PDS during his clemency submission. We determine that the PDS attached to the SJAR contained plain and obvious errors. Again, we encourage legal offices to use the PDS admitted at trial, or explain why a different PDS was required. Because we take corrective action below, we need not determine whether the failure to list all of Appellant's overseas assignments resulted in a colorable showing of prejudice.

We determine that the error of noncompliance with the PTA can be remedied. "[T]he Courts of Criminal Appeals have broad power to moot claims of prejudice . . . ." *United States v. Wheelus*, 49 M.J. 283, 288 (C.A.A.F. 1998). In the case of plain error in the SJAR, Rule for Courts-Martial 1106(c)(6) provides that "appropriate corrective action shall be taken by appellate authorities without returning the case for further action by a convening authority." We, therefore, take corrective action that results in both specific performance and eliminates the prejudicial effect of the error. *See United States v. Cook*, 46 M.J. 37, 40 (C.A.A.F. 1997). This corrective action also remedies any colorable showing of possible prejudice due to the failure to attach the correct PDS to the SJAR.[4] We determine that the adjudged total forfeitures of all pay and allowances should not be affirmed. We affirm the remainder of the approved sentence.

*Post-trial Processing*

The convening authority took action on 27 August 2015, and this case was docketed on 23 September 2015. Appellant miscalculated the docketing date as 23 October 2015. Under *United States v. Moreno*, courts apply a presumption of unreasonable delay "where the record of trial is not docketed by the service Court of

---

[3] The proper procedures for waiving automatic forfeitures when there are also adjudged forfeitures is found in Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 9.28.7 (6 June 2013).

[4] The action also contains a clerical error in that it waives the automatic forfeitures to the Appellant's "step-children." He does not have step-children; instead, he has four adopted children who are his dependents. Additionally, the court-martial order incorrectly lists Charge II as a violation of Article 120, UCMJ, when in fact it is a violation of Article 120b, UCMJ. We order the correction of these clerical errors. *See United States v. Mendoza*, 67 M.J. 53, 54 (C.A.A.F. 2008).

Criminal Appeals within thirty days of the convening authority's action." *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). Here, the docketing occurred in less than 30 days; there is no unreasonable delay and no relief is warranted.

*Sentence Appropriateness*

This court "may affirm only . . . the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). We review sentence appropriateness de novo, employing "a sweeping Congressional mandate to ensure 'a fair and just punishment for every accused.'" *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) (quoting *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001)). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (C.A.A.F. 2007). We have a great deal of discretion in determining whether a particular sentence is appropriate, but we are not authorized to engage in exercises of clemency. *United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A. 1988).

We considered the entire record of trial. Our review included Appellant's unsworn statements, his enlisted performance reports, the Defense exhibits submitted at trial, and the matters submitted during clemency. We also considered the facts of the offenses of which Appellant was convicted and all other properly admitted matters. The victims provided unsworn statements at the court-martial about how Appellant's criminal actions affected them. Based on the review of the entire record of trial, we have determined that the sentence, as modified above, is appropriate.

*Conclusion*

We affirm a sentence of a dishonorable discharge, confinement for 37 years, reduction to E-1, and a reprimand. The findings and sentence, as modified, are correct in law and fact, and no remaining error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence, as modified, are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court