**UNITED STATES**

v.

**Altorek JACKSON, 139 64 2714 Airman (E–3), U.S. Navy.**

**NMCM 92 1628.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 12 May 1992.

Decided 9 April 1993.

LT James R. Crisfield, Jr., JAGC, USNR, Appellate Government Counsel.

LT Richard J. Huber, JAGC, USNR, Appellate Government Counsel.

Before LARSON, STRICKLAND and ORR, JJ.

PER CURIAM:

The appellant raises three assignments of error on appeal. Resolution of the first assignment of error is dispositive of the case at this point in time.[1]

The appellant was tried on 12 May 1992. The military judge authenticated the record on 2 June 1992, and the staff judge advocate thereafter prepared his recommendation; the recommendation, however, is undated. A memorandum forwarding the recommendation to the trial defense counsel is dated 10 June 1992, and the defense counsel receipted for his copy of the recommendation on 11 June 1992. Subsequently, the trial defense counsel for-

---

1. I. APPELLANT RECEIVED INEFFECTIVE POST-TRIAL ASSISTANCE OF COUNSEL WHEN HIS TRIAL DEFENSE COUNSEL FAILED TO SUBMIT A TIMELY CLEMENCY REQUEST OR EXTENSION REQUEST TO THE CONVENING AUTHORITY. *See* Post-trial documents; *United States v. Palenius,* 2 M.J. 86 (C.M.A.1977); (footnote omitted); *United States v. Stephenson,* 33 M.J. 79, 82–83 (C.M.A.1991); *United States v. Dorsey,* 30 M.J. 1156 (A.C.M.R.1990).

II. THE COURT–MARTIAL HAD NO JURISDICTION BECAUSE THE MILITARY JUDGE'S LACK OF A FIXED TERM OF OFFICE LEFT THE MILITARY JUDGE INSUFFICIENTLY INDEPENDENT TO SATISFY THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE. *But see United States v. Graf,* 35 M.J. 450 (C.M.A.1992). BECAUSE THE ER-

ROR IS JURISDICTIONAL AND THE RECORD CONTAINS NO EVIDENCE OF A *KNOWING* WAIVER OF APPELLANT'S RIGHT TO AN INDEPENDENT MILITARY JUDGE, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL.

III. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE APPELLANT'S MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. *See generally* U.S. Const. Art. II, § 2, cl. 2; *Freytag v. Commissioner of Internal Revenue,* — U.S. —, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991); *But see United States v. Weiss,* 36 M.J. 224 (C.M.A. 1992). BECAUSE THIS ERROR IS JURISDICTIONAL, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL.

warded a memorandum to the convening authority indicating that he had no comments to make concerning the recommendation. This memorandum is undated. The convening authority took his action on 29 June 1992. Thereafter, on 7 July 1992, the trial defense counsel submitted a request for clemency to the convening authority. This request contained, *inter alia,* letters from the appellant, his wife, and his mother detailing the financial and emotional hardships imposed on the appellant's family as a result of his sentence. The clemency request also asked for an extension of time within which to file the request. Finally, by letter dated 9 July 1992, the convening authority forwarded the clemency request to the Navy–Marine Corps Appellate Review Activity and indicated that the request was received after the convening authority's action had been taken.

We ordered that certain information be obtained from the trial defense counsel with respect to the post-trial action taken by him. The response to this order revealed the following information: On the day of trial, defense counsel suggested to the appellant that he obtain letters to support a request for clemency; defense counsel spoke directly to the appellant's wife on several occasions as to the importance of her letter; defense counsel knew letters were being prepared to support a clemency petition at the time he indicated that he had no comment to the staff judge advocate's recommendation; defense counsel took leave from 22 June 1992 until 7 July 1992; and the defense counsel did not specifically answer this Court's inquiry as to why he did not request an extension of time in which to submit clemency matters prior to 7 July 1992.

Based on the foregoing, we conclude that the trial defense counsel knew or should have known that the convening authority's action could have been taken anytime after the defense counsel indicated that he had no comments to make concerning the staff judge advocate's recommendation. With this knowledge, and the additional knowledge that letters were being prepared to support a clemency petition and that he was about to commence a period of leave, the defense counsel's inaction until his return from leave on 7 July 1992 was intolerable. The appellant's best hope for sentence relief, and only hope to timely alleviate the personal hardships of his family, rested with the convening authority at the time he took action in the case. *See United States v. Bono,* 26 M.J. 240 (C.M.A. 1988); *United States v. Wilson,* 9 C.M.A. 223, 26 C.M.R. 3, 1958 WL 3280 (1958). This hope was dashed as a direct result of the action or lack of action by the trial defense counsel.

 We conclude that the trial defense counsel was seriously deficient in his post-trial representation of the appellant. The Government urges us to hold that any deficient representation would not have made a difference in this case since the convening authority would not have granted clemency even if the petition had been timely submitted and considered. We cannot so hold in this case. Clemency is the sole prerogative of the convening authority, and we cannot substitute our judgment in this area. *See United States v. Siders,* 15 M.J. 272 (C.M.A.1983). With the exception of forfeitures, the appellant essentially received the maximum sentence that could be awarded at a special court-martial. We cannot say that the convening authority would not have been influenced to grant some clemency based upon the matters contained in the untimely request for clemency.

Accordingly, the convening authority's action is set aside and the record is returned to the Judge Advocate General for transmission to the convening authority for a new staff judge advocate's recommendation and a new convening authority's action after proper consideration of all clemency matters. The record shall then be returned to this Court for further review.