**UNITED STATES**

v.

**Wilfred M. COBE, 375–88–2263, Boatswain's Mate Second Class (E–5), U.S. Navy.**

**NMCM 93 01602.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 14 May 1993.

Decided 14 Nov. 1994.

LT Gerard Wm. Wittstadt Jr., JAGC, USNR, Appellate Defense Counsel.

LT Steven J. Coaty, JAGC, USNR, Appellate Government Counsel.

Before LARSON, WELCH and McLAUGHLIN, JJ.

LARSON, Chief Judge:

Pursuant to his pleas, the appellant was convicted by general court-martial, military judge sitting alone, of three incidents of indecent acts with minors, in violation of Article 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 934. He was sentenced to confinement for 30 months, forfeiture of $500.00 pay per month for 30 months, reduction to pay grade E–1, and a dishonorable discharge. The convening authority approved the sentence on review and forwarded the record to this Court for review under Article 66, UCMJ, 10 U.S.C. § 866.

In his only assigned error, the appellant claims that he was denied his right to post-trial assistance of counsel under *United States v. Palenius*, 2 M.J. 86 (C.M.A.1977), because his trial defense counsel failed to submit a petition for clemency to the convening authority. In support of his position, he offers a letter from his trial defense counsel to his appellate defense counsel, in which his trial defense counsel acknowledged his failure in this regard and offered by way of explanation his opinion that submission of anything would have been futile. The appellant further asserts that there were significant matters offered in extenuation and mitigation at trial which should have been presented to the convening authority in a petition for clemency. Specifically, he refers to the relatively non-intrusive nature of his indecent touchings of his victims as well as the testimony of a Navy psychiatrist, the details of which are discussed below. Only by reading the record of trial, or by learning its contents in some other manner, would the convening authority be aware of these matters and there is no indication that he did so. Without this information, he argues, the appellant and his offenses appear to be much worse than they are.

An accused is entitled to effective assistance of counsel after trial to the same extent that he is so entitled before and during trial. *United States v. DeGrocco*, 23 M.J. 146, 148 n. 4 (C.M.A.1987); *Palenius*, 2 M.J. at 93. Although, in his pleadings before this Court, the appellant expressly disavows an intent to claim that he was denied effective assistance of counsel after trial, that is in fact precisely what he is claiming by stating that his counsel fell short of the standards set forth in *Palenius*. Accordingly, we shall measure his counsel's post-trial performance and the effects thereof by the standards set down in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *United States v. Scott*, 24 M.J. 186 (C.M.A.1987). To prevail on appeal under those standards, the appellant "must show that his counsel's representation was deficient and that such deficiency worked to his detriment." *United States v. Frueh*, 35 M.J. 550, 552 (A.C.M.R.1992).

One of counsel's fundamental duties after trial is to consider and submit, if appropriate, a petition for clemency to the convening authority on his client's behalf. *United States v. Stephenson*, 33 M.J. 79, 82 (C.M.A. 1991); *Palenius*, 2 M.J. at 93; *United States v. Jackson*, 37 M.J. 1045 (N.M.C.M.R.1993). See Rules for Courts–Martial [R.C.M.] 502(d)(6) discussion, 1105, and 1106(f)(4). This duty is important because an accused's best hope for sentence relief after trial rests with the convening authority. *United States v. Bono*, 26 M.J. 240, 243 n. 3 (C.M.A.1988); *United States v. Boatner*, 20 U.S.C.M.A. 376, 43 C.M.R. 216 (1971). On the other hand, the mere failure to submit a clemency petition by itself does not automatically establish deficient representation. *United States v. Robertson*, 39 M.J. 211, 218 (C.M.A.1994); *United States v. Sanders*, 37 M.J. 628 (A.C.M.R.1993), *petition granted*, 39 M.J. 405 (C.M.A.1994). Each such failure must be assessed on a case-by-case basis.

In this case, the appellant providently pleaded guilty to indecent acts with three different minors, ages 12 through 14. His responses during the providency inquiry indicate that his acts consisted of fondling the upper thighs, the pubic areas, and, in one case, the breasts of his victims. During the presentencing portion of the court-martial, the psychiatrist testified that he had counseled the appellant during 17 sessions since December 1992. In his expert opinion, the appellant was not a pedophile, but he did suffer from a sexual disorder that could be treated. He further stated that the appellant had been suicidal and felt remorse for his indecent acts. Finally, he testified that the appellant was quite amenable to treatment but that long-term confinement, which he described as in excess of a year, would be detrimental to a successful treatment regime. Record at 32–40. In an unsworn statement, the appellant stated that his touchings of the children were all accomplished outside their clothing and that he never asked them to fondle him or perform any other sexual activity. He expressed remorse for the harm he had done as well as a desire for treatment. He also talked of the molestation he had suffered as a child, a factor that, according to the psychiatrist, contributed to the sexual disorder with which he was now afflicted. Record at 53–58.

■ These matters in extenuation and mitigation are not insignificant. We agree with the appellant that they present a more favorable picture of him than one would gain from simply reading the specifications. Yet, none of the above was made known to the convening authority in the staff judge advocate's R.C.M. 1106 recommendation.[1] Furthermore, there is no indication in the record that the convening authority knew of these circumstances through any other means. The convening authority is no longer required to review the record of trial, *United States v. Diaz*, 40 M.J. 335 (C.M.A.1994); R.C.M. 1107(b)(2) and (3), and we will not presume that he did.[2] Furthermore, we will not presume that he became aware of the matters in extenuation and mitigation at all.

In his letter to the appellate defense counsel, the trial defense counsel stated that he believed a clemency petition would be useless because he had nothing to add beyond what was already contained in the record of trial. At least to some extent then, his decision not to submit the petition appears to be based on an implicit presumption that the convening authority would become aware of the contents of the record of trial. As discussed above, such a presumption is erroneous.

Furthermore, there is no other rational explanation presented in the pleadings—nor any that we can think of on our own—that could justify the failure to submit a clemency petition. Preparation of such a petition is not an onerous task; it may require no more than simply copying certain pages of the record of trial and forwarding them with a cover letter. Furthermore, it is a common practice by assigned defense counsel in the Naval Service, particularly in a case where an accused is sentenced to confinement for a term of years. Finally, at that point in the proceedings, there was nothing to lose. *Stephenson*, 33 M.J. at 83. We conclude, therefore, that counsel was deficient in his post-trial representation duties by failing to bring these significant matters to the attention of the convening authority.

■ The appellant himself was certainly entitled to submit matters in clemency to the convening authority under R.C.M. 1105, and his failure to do so may be considered a

---

1. We do not mean to suggest that the staff judge advocate's recommendation was legally defective by not presenting this information. Technically, it complied with Rule for Courts–Martial 1106(d) as to form and content. Furthermore, although the staff judge advocate is not precluded from including clemency-related matters, the obligation to do so is solely the accused's and his counsel's.

2. The staff judge advocate did include a copy of the record of trial as an enclosure to his recommendation. However, in ¶ 8 of the recommendation, he correctly advised the convening authority that he *may* (but is not required to) consider the record. In addition, in his action, the convening authority suspended all confinement in excess of 42 months in apparent conformity to the terms of the pretrial agreement. Had he read the record thoroughly, he would have seen that the appellant was only sentenced to 30 months. Considering all of the above, we are left with little confidence that he read the record.

waiver of that right. *United States v. Maners,* 37 M.J. 966 (A.C.M.R.1993); R.C.M. 1105(d)(1). Yet, we decline to apply waiver in this case for two reasons. First, in his letter, the trial defense counsel acknowledged his own responsibility to determine whether submission of clemency would be beneficial, i.e., in a sense, his "ownership" of the clemency decision. Furthermore, there is no indication in his letter that he specifically discussed his decision not to submit a clemency petition with his client and received the accused's agreement with that decision. In the absence of any such discussion and agreement by the appellant not to submit, we decline to find an intelligent and knowing waiver. *Stephenson,* 33 M.J. at 83. Second, the trial defense counsel's decision not to submit clemency was based on his apparent belief that the convening authority was aware of the contents of the record of trial. In view of this misapprehension, we can hardly assume that the appellant knew more about how the process worked than his lawyer so as to intelligently waive his only opportunity to present these significant matters to the officer with the sole discretion to decide his fate.

We turn now to the second prong of *Strickland* and decide whether counsel's deficiency was prejudicial. The military appellate courts have traditionally been reluctant to second-guess a convening authority in the exercise of his or her unique clemency powers. *Jackson; Frueh.* Furthermore, as noted above, the evidence offered in extenuation and mitigation was significant. Accordingly, we will not speculate that this evidence would not have persuaded the convening authority to grant clemency.

The convening authority's action is set aside. The record of trial is returned to the Judge Advocate General for submission to the same or a different convening authority for a new staff judge advocate's recommendation and action.

Senior Judge WELCH and Judge McLAUGHLIN concur.