# UNITED STATES NAVY–MARINE CORPS
# COURT OF CRIMINAL APPEALS

―――――――――――――――

## No. 201600265

―――――――――――――――

## UNITED STATES OF AMERICA
Appellee

v.

## ERIC A. MARQUARDT
Master-at-Arms Seaman (E-3), U.S. Navy
Appellant

―――――――――――――――

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Ann K. Minami, JAGC, USN.
Convening Authority: Commanding Officer, Marine Corps Security
Force Battalion, Naval Base Kitsap Bangor, Silverdale, WA.
Staff Judge Advocate: Major C.G. Blosser, USMC.
For Appellant: Captain Bree A. Ermentrout, JAGC, USN.
For Appellee: Major Kelli A. O'Neil, USMC; Lieutenant Commander
Jeremy R. Brooks, JAGC, USN.

―――――――――――――――

Decided 14 February 2017

―――――――――――――――

Before MARKS, GLASER-ALLEN, and GROHARING, *Appellate Military Judges*

―――――――――――――――

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

―――――――――――――――

GROHARING, Judge:

A military judge sitting as a special court-martial convicted the appellant, consistent with his pleas, of three specifications of assault consummated by a battery, one specification of communicating a threat, one specification of unlawful entry, and one specification of underage drinking in violation of Articles 128 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 928 and 934. The military judge sentenced the appellant to six months'

confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged.[1]

In his sole assignment of error, the appellant contends that he received ineffective assistance of counsel when his detailed defense counsel requested relief outside the authority of the CA to grant. We agree and remand this case for new post-trial processing in accordance with Article 60, UCMJ.

## I. BACKGROUND

On 24 October 2015, the appellant was assigned to Marine Security Forces Battalion, Bangor, Washington. That evening, the appellant, then aged 19, went to a party with other Sailors and drank approximately six cups of vodka and juice and several beers within a two-hour period. While drinking, he "blacked out" and could not remember anything that happened that night.[2]

In the early morning hours of 25 October, the appellant left the party and proceeded to the home of BB, whom he did not know. Thinking it was his home, he pounded on the door until BB opened it. He then pushed his way into the home, and as BB shouted at him to leave, pinned her to the wall while screaming that he was going to kill her.

After the appellant let her go, BB fled to her neighbor's house and called the police. The police arrested the appellant and took him to the Naval Base Kitsap-Bremerton police station. When one of the security personnel, Seaman FN, removed the appellant's restraints to allow him to use the head, the appellant grabbed Seaman FN by the neck to try to force him to the ground.

The appellant pleaded guilty pursuant to a pretrial agreement (PTA), which provided in part that a punitive discharge "[m]ay be approved as adjudged."[3] The military judge awarded a bad-conduct discharge.

Trial defense counsel submitted a post-trial clemency request pursuant to RULES FOR COURTS-MARTIAL (R.C.M.) 1105 and 1106, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), asking that the CA disapprove or suspend the appellant's bad-conduct discharge and continued confinement. In the clemency request, trial defense counsel noted "that the clemency rules have changed and allow the convening authority to modify adjudged sentences with certain limits."[4]

---

[1] The pretrial agreement (PTA) in the case required the convening authority to suspend any confinement in excess of 90 days.

[2] Prosecution Exhibit 1 at 2.

[3] Appellate Exhibit III at 1.

[4] Detailed Defense Counsel memo dtd 6 Jun 2016 at 3.

On 22 November 2016, this court ordered the government to obtain trial defense counsel's response to the appellant's allegations of ineffective assistance of counsel, specifically the alleged failure to request relief within the CA's authority.

## II. DISCUSSION

### A. Clemency powers of the CA

The National Defense Authorization Act for Fiscal Year 2014 (FY14 NDAA)[5] amended Art. 60(c)(4), UCMJ, reducing the CA's ability to affect sentences in cases involving most offenses committed on or after 24 June 2014. CAs can no longer "disapprove, commute, or suspend in whole or in part . . . a sentence of dismissal, dishonorable discharge, or bad conduct discharge" unless certain exceptions exist.[6]

Article 60(c)(4), UCMJ, now provides:

> (A) Except as provided in subparagraph (B) or (C), the convening authority . . . may not disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months or a sentence of dismissal, dishonorable discharge, or bad conduct discharge.

> (B) Upon the recommendation of trial counsel in recognition of the substantial assistance by the accused [or]. . . .

> (C) If a pre-trial agreement has been entered into by the convening authority and the accused . . . . the convening authority . . . shall have the authority to approve, disapprove, commute, or suspend a sentence in whole or in part pursuant to the terms of the pre-trial agreement . . . .[7]

The CA may still disapprove, commute, or suspend confinement, in whole or in part, when six months or less of confinement are adjudged and "disapprove, commute, or suspend, in whole or in part, any portion of an adjudged sentence not explicitly prohibited," which includes any "[r]eduction in pay grade, forfeitures of pay and allowances, fines, reprimands, restrictions, and hard labor without confinement . . . ." R.C.M. 1107(d)(1)(A), (C) (2015).[8]

---

[5] Pub. L. No. 113-66, 127 Stat. 672 (2013).

[6] *See id.* § 1702 at 956. Neither of the exceptional circumstances is present in this case.

[7] *Id.* at 956-57.

[8] "The convening authority may not disapprove, commute, or suspend, in whole or in part, any portion of an adjudged sentence of confinement for more than six

As a result of these changes, the CA could not grant trial defense counsel's requested relief of disapproval of the adjudged bad-conduct discharge. *United States v. Kruse*, ___ M.J ___, No. 201600101, 2016 CCA LEXIS 731 at *9  (N-M. Ct. Crim. App. 2016) (holding such an action by the CA to be *ultra vires*).

The CA's discretion to modify the adjudged sentence was limited to action on the appellant's reduction in pay grade, reduction in length of confinement (because the adjudged sentence of confinement was for six months or less), and forfeiture of pay and allowances.[9] As a result, we must evaluate whether the appellant received effective assistance of counsel in the post-trial process, when his counsel advised the appellant that confinement relief was not possible by operation of law and requested relief outside the CA's authority.

## B.  Ineffective assistance of counsel

The Sixth Amendment right to effective assistance of counsel after the appellant's courts-martial is a fundamental right. *United States v. Knight*, 53 M.J. 340, 342 (C.A.A.F. 2000) (citing *United States v. Palenius*, 2 M.J. 86 (C.M.A. 1977)). *See United States v. Cobe*, 41 M.J. 654, 655 (N-M. Ct. Crim. App. 1994) ("One of counsel's fundamental duties after trial is to consider and submit, if appropriate, a petition for clemency to the convening authority on his client's behalf. . . . This duty is important because an accused's best hope for sentence relief after trial [is] the convening authority." (citations omitted)).

Ineffective assistance of counsel involves a mixed question of law and fact. *United States v. Anderson*, 55 M.J. 198, 201 (C.A.A.F. 2001). In reviewing claims of ineffective assistance of counsel, we "look[ ] at the questions of deficient performance and prejudice *de novo*." *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012) (quoting *United States v. Gutierrez*, 66 M.J. 329, 330-31 (C.A.A.F. 2008)). However, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).

We apply the two-prong test set forth by the Supreme Court in *Strickland* to determine whether counsel rendered ineffective representation. "The

---

months." R.C.M. 1107(d)(1)(A). R.C.M. 1107 was amended 22 June 2015 to reflect the amended Article 60, UCMJ. Exec. Order. No. 13,696, 80 Fed. Reg. 35,812-13 (22 Jun 2015).

[9] The CA was also prohibited from disapproving the findings. *See* Pub. L. No. 113-66, § 1702, 127 Stat. 956.

burden on each prong rests with the appellant challenging his counsel's performance." *United States v. Davis*, 60 M.J. 469, 473 (C.A.A.F. 2005). The first prong requires the appellant to show that counsel's performance fell below an objective standard of reasonableness, indicating that counsel was not functioning as counsel within the meaning of the Sixth Amendment. *United States v. Terlep*, 57 M.J. 344, 349 (C.A.A.F. 2002). Our review of counsel's performance is highly deferential and is buttressed by a strong presumption that counsel provided adequate representation. *United States v. Garcia*, 59 M.J. 447, 450 (C.A.A.F. 2004).

In the present case, counsel's performance fell below the objective standard of reasonableness required by *Strickland*. Among Congress's amendments to Article 60, UCMJ, was a limit on a CA's authority to disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months or a sentence of dismissal, dishonorable discharge, or bad conduct discharge. Although the original statutory amendments may have left some confusion regarding the ability of a CA to provide clemency with respect to confinement, the Manual for Courts-Martial was subsequently amended to reflect the statutory changes and clearly reflects the limitations placed on the CA. Since 22 June 2015, R.C.M. 1107 has provided that "[t]he convening authority may not disapprove, commute, or suspend, in whole or in part, any portion of an adjudged sentence of confinement of *more than* six months." R.C.M. 1107(d)(1) (emphasis added)).[10]

In her affidavit, trial defense counsel states that she advised the appellant that, notwithstanding R.C.M. 1107, "relief from the six months of confinement (beyond the 90 day cap already provided for in the PTA) was impossible by operation of law."[11] This advice was a misstatement of the law. Consistent with the 2014 NDAA and implementing changes to the MCM, a CA can disapprove, commute, or suspend, in whole or in part, any portions of an adjudged sentence of confinement, as long as the sentence adjudged is six months or less. Here, the military judge sentenced the appellant to six months' confinement, thus trial defense counsel could have requested disapproval, commutation, or suspension of confinement above and beyond the terms of his PTA.

While this court's review of trial defense counsel's performance of duties is highly deferential, the advice provided by counsel in this case with respect to potential sentence relief available from the CA was based on an erroneous understanding of the law. However unlikely such relief might have been, the

---

[10] Exec. Order. No. 13,696, 80 Fed. Reg. 35,812-13 (22 Jun 2015).

[11] Trial defense counsel's affidavit at 2.

appellant should have been properly advised regarding the full range of clemency options available.

The second prong of the test to determine whether counsel's performance was ineffective requires a showing of prejudice resulting from counsel's deficient performance. *Strickland*, 466 U.S. at 687. With regard to post-trial claims of ineffective assistance of counsel, courts must give an appellant the benefit of the doubt and find that "there is material prejudice to the substantial rights of an appellant if there is an error and the appellant 'makes some colorable showing of possible prejudice.'" *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998) (quoting *United States v. Chatman*, 46 M.J. 321, 323-24 (1997)).

In order to make a colorable showing of possible prejudice, an appellant must provide "an adequate description of what a properly advised convening authority might have done to structure an alternative form of clemency." *United States v. Capers*, 62 M.J. 28, 270 (C.A.A.F. 2005).

While bare allegations of inadequate representation are not entertained by courts without submission of an affidavit showing how counsel acted contrary to the appellant's wishes, *see United States v. Starling*, 58 M.J. 620, 622-23 (N-M. Ct. Crim. App. 2003), here the appellant has presented more than bare allegations. Although the appellant did not ask trial defense counsel to request reduction in confinement, and the appellant appeared to prioritize disapproval of his bad-conduct discharge above other forms of relief, these actions are understandable in light of trial defense counsel's erroneous advice that reduction in confinement was impossible. The appellant's desire expressed in his clemency submission to return to his family suggests that had he been properly advised, the appellant may have directed trial defense counsel to request relief from confinement which was within the CA's authority to grant.

Likewise, a properly advised CA could have awarded a reduction in confinement, remitted or suspended the adjudged or automatic reduction in rank, or deferred the automatic forfeitures of the accused's pay and allowances. Any of these forms of relief could have helped the appellant support his family, consistent with his desires expressed in the clemency submission.[12] Though what the CA might have done with such a request is speculative, the showing made by the appellant is sufficient to demonstrate a

---

[12] Detailed Defense Counsel memo dtd 6 Jun 2016 at 3. (noting that the appellant "feels guilty that he is not able to provide emotional and financial support to his already hurting family," and that the appellant's mother had been diagnosed with breast cancer requiring major reconstructive surgery).

colorable showing of possible prejudice based on counsel's deficient representation.

### III. CONCLUSION

The CA's Action dated 27 July 2016 is set aside and the record is returned to the Judge Advocate General for remand to an appropriate CA for new post-trial processing with the appellant represented by conflict-free counsel. After completion of the new post-trial processing the record will be returned to the court for completion of appellate review. *Boudreaux v. United States Navy-Marine Corps Court of Military Review*, 28 M.J. 181 (C.M.A. 1989).

Senior Judge MARKS and Judge GLASER-ALLEN concur.

For the Court



R.H. TROIDL
Clerk of Court