# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

_____

## No. 201600018

_____

### UNITED STATES OF AMERICA
Appellee

v.

### ADAM J. RAVENSCRAFT
Interior Communications Electrician
First Class (E-6), U.S. Navy
Appellant

_____

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Ann Minami, JAGC, USN.
Convening Authority: Commander, Navy Region Northwest, Silverdale, WA.
Staff Judge Advocate's Recommendation: Commander Edward K. Westerbrook, JAGC, USN
For Appellant: James S. Trieschmann, Jr., Esq.; Commander Chris Tucker, JAGC, USN.
For Appellee: Major Cory Carver, USMC; Captain Sean M. Monks, USMC.

_____

Decided 27 June 2017

_____

*Before* CAMPBELL, FULTON, and HUTCHISON, *Appellate Military Judges*

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

_____

FULTON, Judge:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification of wrongfully disposing of military

property of a value greater than $500.00, and one specification of larceny of military property of a value greater than $500.00, in violation of Articles 108 and 121, Uniform Code of Military Justice.[1] The military judge sentenced the appellant to one year of confinement, reduction to pay grade E-3, and a bad-conduct discharge. The convening authority (CA) approved the sentence and, except for the punitive discharge, ordered it executed.[2]

The appellant's counsel asserts five assignments of error[3] (AOEs): (1) the appellant's pleas are improvident because the evidence is factually insufficient to establish the value of the military property; (2) trial counsel failed to disclose evidence favorable to the appellant; (3) the appellant received ineffective assistance of counsel because trial defense counsel failed to investigate impeachment evidence relating to a Naval Criminal Investigative Service agent; (4) the appellant's sentence is inappropriately severe; and (5) the appellant received ineffective assistance of counsel after trial. We find merit in the last AOE and take corrective action in our decretal paragraph.

## I. POST-TRIAL INEFFECTIVE ASSISTANCE OF COUNSEL

The appellant's right to effective assistance of counsel extends to assistance with submission of matters in clemency to the CA under RULE FOR COURTS-MARTIAL (R.C.M.) 1105, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.).[4] In evaluating claims of post-trial ineffective assistance of counsel, there is only "material prejudice to the substantial rights of an appellant if there is an error and the appellant makes some colorable showing of possible prejudice."[5]

The appellant avers that his trial defense counsel was ineffective in failing "to contact [him] throughout the post-trial process and assist him in submitting clemency matters to the [CA.]"[6] And "to the extent trial defense counsel believed that the [CA] did not have the authority to grant relief" from

---

[1] 10 U.S.C. §§ 908 and 921 (2012).

[2] The pretrial agreement had no effect on the sentence, only providing that the case be referred to a special rather than a general court-martial.

[3] We have renumbered the appellant's AOEs, integrated them with the appellant's supplemental AOEs, and combined two of the supplemental AOEs on discovery into one AOE. The appellant also alleges several "issues" personally under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[4] *United States v. Cobe*, 41 M.J. 654, 655-56 (N-M. Ct. Crim. App. 1994).

[5] *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998) (citation and internal quotation marks omitted).

[6] Appellant's Brief of 28 Jun 2016 at 17.

the appellant's bad conduct discharge, "trial defense counsel incorrectly applied the law."[7] The trial defense counsel's own submission in this case demonstrates that he had an erroneous view of the law applicable to the appellant's case. The appellant was charged exclusively with offenses occurring before the 24 June 2014 effective date of the National Defense Authorization Act for Fiscal Year 2014, which restricted the CA's powers to grant clemency absent special circumstances.[8] The CA had broad discretion to act on the findings or the appellant's sentence under the earlier version of Article 60, UCMJ.

The appellant states that trial defense counsel failed to assist him submit clemency matters, and that he wanted his counsel to "request [that the CA] reduce my reduction and/or set aside my punitive discharge."[9] We find that trial defense counsel's performance fell below that which is reasonable under professional norms when he mistook the law as it applied to the appellant's case and failed to ask the CA for available clemency in accordance with the appellant's wishes.

We also find that the appellant has met the relatively low burden of demonstrating a colorable showing of possible prejudice. A request from an 18-year veteran to remain in the service is a serious matter. We cannot say that it would have received favorable consideration. But we are sure it would have received serious consideration, and the appellant had the right to have his request transmitted to the CA. The appellant was convicted of non-violent property offenses, the most serious of which involved used property diverted from the Defense Reutilization and Marketing Office. We do not think that clemency was an utterly unrealistic hope. The CA may well have viewed his post-trial decision in this case differently in the face of an appeal from the appellant to let him salvage something of his long career.[10] We find that trial defense counsel's failure to understand the law and assist the appellant in presenting his request to the CA constitutes a colorable showing of possible prejudice. Therefore, new post-trial processing is appropriate in this case.

## II. CONCLUSION

The CA's action, dated 6 January 2016, is hereby set aside. The record is returned to the Judge Advocate General for remand to an appropriate

---

[7] *Id.* at 18.

[8] Pub. L. No. 113-66, 127 Stat. 672, 955-58 (2013).

[9] Motion to Attach Appellant's Declaration of 28 June 2016.

[10] *United States v. Craig*, 28 M.J. 321, 323-25 (C.M.A. 1989) (noting "it is very difficult to determine how a convening authority would have exercised his [or her] broad discretion" on clemency matters).

convening authority for preparation of a new staff judge advocate's recommendation and new CA's action in compliance with R.C.M. 1106 and 1107. The appellant will be represented by conflict-free counsel. Thereafter the record will be returned to the Court for completion of appellate review.

Senior Judge CAMPBELL and Judge HUTCHISON concur.

For the Court



R.H. TROIDL
Clerk of Court