*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DALY, GROSS, and de GROOT
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Apollo J. FISK**
Staff Sergeant (E-6), U.S. Marine Corps
*Appellant*

**No. 202400470**

_____

Decided: 20 May 2026

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
David C. Segraves (arraignment)
Aran T. Walsh (trial)

Sentence adjudged 17 September 2024 by a general court-martial tried at Marine Corps Base Camp Pendleton, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 7 years, forfeiture of all pay and allowances, and a dishonorable discharge.[1]

---

[1] The convening authority suspended confinement in excess of 42 months pursuant to the pretrial agreement. Appellant was credited with 156 days of pretrial confinement.

For Appellant:
*Kimberly D. Barnes, Esq.*

For Appellee:
*Captain Jacob R. Carmin, USMC*
*Commander John T. Cole, JAGC, USN*

Judge de GROOT delivered the opinion of the Court, in which Chief Judge DALY and Senior Judge GROSS joined.

_____

**[This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.]**

_____

de GROOT, Judge:

Appellant was convicted, in accordance with his pleas, of one specification of unauthorized absence in violation of Article 86, Uniform Code of Military Justice (UCMJ), and two specifications of possession of child pornography in violation of Article 134, UCMJ.[2]

Appellant raises three assignments of error (AOEs):

**I. Were trial defense counsel ineffective when they failed to adequately represent Appellant concerning matters in clemency?**

**II. Is the adjudged sentence inappropriately severe considering Appellant's seventeen years of service, his four deployments to war torn countries, the circumstances of his offenses, and similar cases?**

**III. Is it contrary to law and public policy to condition withdrawal with the prejudice of a charge on both the finding and the sentence being upheld on appeal?**

---

[2] 10 U.S.C. §§ 886, 934.

We find no prejudicial error and affirm. As we affirm the findings and sentence, we find the issue identified in the third AOE is not ripe at this time, and so we do not need to address it.[3]

## I. BACKGROUND

Appellant was assigned to the Provost Marshal's Office, Headquarters Battalion, Marine Corps Air Ground Combat Center, Twentynine Palms, California in 2014. When Appellant discovered that he was under investigation for possession of child pornography, he decided to leave and remained absent until April 2024 when he was apprehended by local police in Washington state. Appellant pleaded guilty in accordance with his pretrial agreement (PTA) to unauthorized absence from April 2014 to April 2024, as well as possessing child pornography on two different devices on or about February 2014.[4]

In Part II of the PTA, the convening authority agreed to suspend for 30 days from the convening authority's action and then remit any adjudged confinement in excess of 42 months.[5] After the trial, Appellant's trial defense counsel (TDC) submitted a request for clemency on behalf of Appellant. However, the clemency request contained several errors. Appellant now claims he was not "appropriately advised" at to what he could ask for or documents that could be included in the clemency request.[6] In the clemency package that they submitted on Appellant's behalf, TDC did not include any of Appellant's fitness reports or a transcript of his unsworn statement, but they did submit awards and letters of appreciation that were part of Appellant's sentencing case.

---

[3] *See United States v. Amos*, No. 202400099, 2025 CCA LEXIS 277 (N-M. Ct. Crim. App. June 24, 2025) (unpublished); *United States v. Rogers*, No. 202200258, 2025 CCA LEXIS 289 (N-M. Ct. Crim. App. June 26, 2025) (unpublished); *but see United States v. Hunter*, 84 M.J. 715, 720 (Army Ct. Crim. App. 2024) (finding the issue was ripe).

[4] Since all the charges stem from actions that occurred in 2014, the parties followed the rules and procedures in the UCMJ and the Manual for Courts-Martial that were in existence at that time. National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 5237, 130 Stat. 2000, 2917 (2016) [FY 2017 NDAA], changed the pretrial agreement to the plea agreement. Exec. Order 13,825, 83 Fed. Reg. at 9889, sec. 3 provided the effective dates for the changes made to the military justice processes and procedures in the FY 2017 NDAA.

[5] App. Ex. VI. The maximum punishment for the offenses to which Appellant pleaded guilty was a dishonorable discharge, confinement for 21 years and 6 months, reduction in grade to E-1, a fine, and forfeiture of all pay and allowances.

[6] Appellant's Brief at 8.

Appellant claims ineffective assistance of counsel in the post-trial process, alleging that he did not receive legal advice or guidance from his two TDC.[7] On appeal, Appellant avers the following:

- TDC told him that the convening authority had broad discretion regarding clemency and provided him with a form that had the different parts of the court-martial sentence, which TDC used to record his clemency request.[8]

- TDC told Appellant that it was Appellant's decision of what to request in clemency but never advised him as to what could be included in the request.[9] Appellant would have included his fitness reports, unsworn statement, and character letters.[10]

- Because of this lack of guidance and his own trepidation about asking for too much clemency, Appellant decided only to ask for an additional 12 months off of his confinement.[11] However, with the proper advice, he would have asked for the convening authority to approve only a bad-conduct discharge and suspend all but 12 months of the confinement.[12]

On 4 April 2025, this Court ordered the Government to produce affidavits from both TDC. Both TDC said they fully advised Appellant of what he could ask for in clemency. Further, based on what occurred during pretrial negotiations, they advised Appellant that asking for a narrowly tailored request such as requesting a suspension of only an additional 12 months' confinement would be more reasonable than asking for wide-sweeping clemency.[13] Ultimately, they advised Appellant that the decision as to what to ask for was his. Regard-

---

[7] Appellant's Mot. to Attach, App'x A (Decl. of Appellant). We granted Appellant's Motion to Attach Appellant's Declaration of 20 May 2025 on 4 August 2025.

[8] Decl. of Appellant, para. 4. The Convening Authority had more authority to act on the findings and sentence. *See* Rule for Courts-Martial 1107, *Manual for Courts-Martial, United States* (2012 ed.). The Appellate and Post-Trial Rights form that Appellant also signed restates the clemency authority for offenses that occurred before 1 January 2019. App. Ex. XIII.

[9] Decl. of Appellant, para. 6.

[10] Decl. of Appellant, para. 9.

[11] Decl. of Appellant, para. 8.

[12] Decl. of Appellant, para. 9.

[13] Gov't Resp. to Order to Produce TDC Decl., App'x A and App'x B.

ing the enclosures to the request, the TDC made a tactical decision, in conjunction with the decision "to request targeted and narrowly tailored clemency," to only include Appellant's awards and letters of appreciation as "more impactful moments in service, which simultaneous to his fitness reports that were provided in sentencing, covered a broader scope of his career."[14]

## II. DISCUSSION

### A. Trial Defense Counsel was Not Ineffective

#### 1. Standard of Review/Law

"Counsel are presumed to be competent. To overcome this presumption, an appellant must show that his counsel was deficient and he was prejudiced by the deficiency. The right to effective representation extends to post-trial proceedings. Defense counsel is responsible for post-trial tactical and strategic decisions."[15]

The Court of Appeals for the Armed Forces (CAAF) adopted the following test to determine if the presumption of competence has been overcome:

> (1) Are appellant's allegations true; if so "is there a reasonable explanation for counsel's action"?
>
> (2) If the allegations are true, did defense counsel's level of advocacy fall "measurably below the performance . . . [ordinarily expected] of fallible lawyers"? and
>
> (3) If a defense counsel was ineffective, is there "a reasonable probability that, absent the errors," there would have been a different result?[16]

"Counsel has the responsibility to 'make an evaluative judgement' on what items to submit to the convening authority, and to so advise his client."[17] In *United States v. Gilley*, the appellant's TDC submitted 12 enclosures to the convening authority. However, the appellant asserted that his TDC not only did not consult with him, but that TDC included several letters from family members in the clemency request that were "acerbic" and "a scathing diatribe"

---

[14] Gov't Resp. to Order to Produce TDC Decl., App'x A, para. b; Gov't Resp. to Order to Produce TDC Decl., App'x B, para. 2.

[15] *United States v. Lee*, 52 M.J. 51, 52 (C.A.A.F. 1999) (citations omitted).

[16] *United States v. Gilley,* 56 M.J. 113, 124 (C.A.A.F. 2001) (quoting *United States v. Grigoruk*, 52 M.J. 312 (C.A.A.F. 2000)).

[17] *Id.* (citing *United States v. MacCulloch*, 40 M.J. 236, 239 (C.M.A. 1994)).

directed at the convening authority, members, counsel, and the military judge.[18] The CAAF held that TDC's performance was deficient because there was no explanation of why he would include these letters, and his lack of judgment fell below the performance ordinarily expected of fallible lawyers.[19]

This Court in *United States v. Ravenscraft* found the TDC's performance was deficient when he incorrectly believed that the convening authority could not disapprove the appellant's bad-conduct discharge and did not contact or help the appellant in submitting clemency matters to the convening authority.[20] In *United States v. Cobe*, this Court found TDC deficient by not submitting clemency matters due to his perceived belief that it was futile to submit matters beyond what was in the record of trial, and because he failed to discuss with the appellant that he was not going to submit a clemency package.[21]

In *United States v. Lee,* the appellant pleaded guilty to several offenses, and in the request for clemency, he and his family asked the convening authority to disapprove the dishonorable discharge and to approve a general discharge.[22] The appellant's TDC instead asked the convening authority to commute the dishonorable discharge to a bad-conduct discharge.[23] The CAAF did not decide *Lee* based on whether the defense counsel's actions were deficient due to the inconsistency of the enclosures with defense counsel's request, but rather whether the appellant could show that but for the errors, the result of the proceedings would have been different.[24] "This Court will give an appellant the benefit of the doubt and find that 'there is a material prejudice to the substantial rights of the appellant if there is an error and the appellant makes some colorable showing of possible prejudice.' "[25] However, the CAAF held that there was no prejudice because the convening authority would not have disapproved the dishonorable discharge, because he did not even commute it to a bad-conduct discharge.[26]

---

[18] *Gilley,* 56 M.J. at 124.

[19] *Id.* at 125.

[20] No. 201600018, 2017 CCA LEXIS 419, at *4 (N-M. Ct. Crim. App. June 27, 2017) (unpublished).

[21] 41 M.J. 654, 656–57 (N-M. Ct. Crim. App. 1994).

[22] 52 M.J. at 52.

[23] *Id.*

[24] *Id.* at 53 (citations omitted).

[25] *Id.* (citing *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)).

[26] *Id.*

We review issues of ineffective representation de novo.[27]

*2. Analysis*

In accordance with *United States v. Ginn*, we do not need to determine any facts that are in dispute and only resolve this issue on facts that are not in dispute or are unrebutted.[28]

A review of the declaration and affidavits provided by Appellant and both TDC, respectively, shows that they agree that the wide-ranging powers of clemency the convening authority had in Appellant's case were discussed. Appellant and TDC also agree that TDC told Appellant that it was his decision what to request in clemency, and Appellant told his TDC that he wanted to ask for a suspension of an additional 12 months of confinement, which is what his TDC requested. Appellant does not claim that he asked further questions and was given incorrect information, or that he told his TDC he wanted to have a more aggressive stance with his clemency. Appellant also does not claim TDC told him that he could not ask for a bad-conduct discharge and suspension of all but 12 months of confinement. We find that Appellant was aware of the convening authority's clemency authority, articulated to his TDC what he wanted at the time to request in clemency, and his TDC submitted that request.

Regarding the enclosures provided to the convening authority, both TDC state that they made the tactical decision as to what to provide.[29] The TDC articulated a reasonable explanation for only submitting these documents. Unlike in *Gilley,* where the enclosed letters likely harmed the appellant's opportunity to obtain clemency, these enclosures highlighted five good conduct awards among other good acts by Appellant. While another TDC may have provided more enclosures similar to what Appellant states he would have asked to be included and avoided drafting errors in the written request, that is not the standard. The TDC's level of advocacy did not fall "measurably below the performance ordinarily expected of fallible lawyers."[30]

Even if we did find that Appellant's TDC's performance was deficient, there is nothing in the record to show there would have been a different result. The convening authority was aware of his clemency authority, did not grant the

---

[27] *United States v. Wiley*, 47 M.J. 158, 159 (C.A.A.F. 1997).

[28] 47 M.J. 236 (C.A.A.F. 1997).

[29] *See* Gov't Resp. to Order to Produce TDC Decl., App'x A.

[30] *Gilley*, 56 M.J. at 124.

suspension of an additional 12 months of confinement, and approved the sentence as adjudged and in accordance with the pretrial agreement.[31] Having reviewed the matters that Appellant claims should have been attached to the clemency request, we can state with certainty that even if the convening authority had been presented with those matters, Appellant has not demonstrated a reasonable likelihood that the convening authority would have been moved to grant any clemency. Accordingly, we find that Appellant is unable to show that he was prejudiced by his TDC's performance.

## B. Appellant's Sentence Was Not Inappropriately Severe

We review sentence appropriateness de novo.[32] This Court may only affirm "the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved."[33] In exercising this function, we seek to assure that "justice is done and that the accused gets the punishment he deserves."[34] The review requires an "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender."[35]

After reviewing the record and all the evidence and considering the nature and seriousness of the offenses to which Appellant pleaded guilty and an individualized consideration of Appellant, we find Appellant's adjudged sentence was not inappropriately severe.

---

[31] Convening Authority's Action.

[32] *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006).

[33] Article 66, UCMJ (2012).

[34] *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).

[35] *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted).

### III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[36]

However, we note that the Entry of Judgment does not accurately reflect the disposition of the charges, as it incorrectly titled the Additional Charge as "Charge III" and it does not accurately reflect the convening authority's action. Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding.[37] In accordance with Rule for Courts-Martial 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[36] Articles 59 & 66, UCMJ.

[37] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

# United States Navy–Marine Corps Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202400470 |
| v. | **ENTRY OF JUDGMENT** |
| **Apollo J. FISK**<br>**Staff Sergeant (E-6)**<br>**U.S. Marine Corps**<br>*Accused* | *As Modified on Appeal*<br><br>**20 May 2026** |

On 17 September 2024, the Accused was tried at Marine Corps Base Camp Pendleton, California, by a general court-martial, consisting of a military judge sitting alone. Military Judge Aran T. Walsh presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I: Violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification: (Unauthorized Absence – on or about 2 April 2014 to on or about 14 April 2024):**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Charge II: Violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.**

> *Plea:* Not Guilty.
> *Finding:* Withdrawn and dismissed.

**Specification: (Obstruction of Justice – on or about 2 April 2014):**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed.

**Additional Charge: Violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.**

*Plea:* Guilty.
*Finding:* Guilty

**Specification 1: (Possession of Child Pornography– on or about 19 February 2014):**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification 2: (Possession of Child Pornography– on or about 19 February 2014):**

*Plea:* Guilty.

*Finding:* Guilty.

## SENTENCE

On 17 September 2024, a military judge sentenced the Accused to the following:

**Reduction to pay grade E-1**

**Confinement for a total of 7 years**

**Forfeiture of all pay and allowances**

**Dishonorable Discharge**

In accordance with the pretrial agreement, confinement may be approved as adjudged; all confinement in excess of 42 months will be suspended for a period of 30 days after the date of the convening authority's action, at which time, unless sooner vacated, the suspension portion will be remitted without further action.

On 3 October 2024, the convening authority denied the Accused's 24 September 2025 clemency request to suspend an additional 12 months of confinement.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

3